```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

JOHN ROBERT DEMOS,              )
                                )
        Petitioner,             )
                                )
        v.                      )   C.A. No. 12-12398-PBS
                                )
U.S. SECRETARY OF DEFENSE,      )
                                )
        Respondent.             )
                                )
```

**MEMORANDUM AND ORDER**
January 3, 2013

Saris, U.S.D.J.

## I. INTRODUCTION

On December 26, 2012, petitioner John Robert Demos ("Demos"), a state prisoner confined at the Clallam Bay Correctional Center in Clallam Bay, Washington, filed his self-prepared habeas petition purportedly under 28 U.S.C. § 2241. Demos challenges his June, 1978 state criminal conviction in the King County Superior Court of Seattle, Washington, for first degree attempted rape and first degree burglary. He was sentenced to an indeterminate sentence of 240 months to life in prison.

In the instant petition, Demos argues, *inter alia*, that he is a Native American and therefore the trial court was without jurisdiction over him. He also contends he was prosecuted under The Old Territorial Remington Code rather than the Model Penal Code. Additionally, he contends his appointed counsel lacked a license to practice law and had a conflict of interest.

Notably, Demos is a frequent filer in numerous courts across this country.[1]  Recently, Demos has filed several other habeas petitions challenging his conviction on other grounds.  See, e.g., Demos v. U.S. Secretary of Defense, et al., Civil Action No. 2:12-cv-07203-SD (E.D. PA (Philadelphia)(filed Dec. 26, 2012); Demos v. Holder, et al., Civil Action No. 1:12-cv-03715-CCB (D. Md. (Baltimore))(filed Dec. 18, 2012); Demos v. The State of Washington, Civil Action No. 1:12-cv-01737-CCB (D. Md. (Baltimore))(filed June 7, 2012)(alleging, *inter alia*, that he is a Native American entitled to the full protection of the "Diplomatic Immunity Act" and the "Sovereignty Act"); Demos v. Fraker, Civil Action No. 2:12-cv-01111-JCC (W.D. WA (Seattle))(filed June 27, 2012).  See also Demos v. Holder, et al., Civil Action No. 2:12-cv-02137-JCC (W.D. WA (Seattle)) (§ 2241 petition filed December 10, 2012 (construed as a § 2254 habeas petition because Demos is a state prisoner)).

## II.  DISCUSSION

A.  Screening of the Petition

The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply.  See 28 U.S.C. § 2243.  Rule 4 of the Rules

---

[1] Demos has filed hundreds of cases throughout the country, and has been deemed to be an abusive litigant.  He has been enjoined in a number of courts, and is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).  The PACER records reveal that Demos has filed at least 130 other habeas petitions.

Governing Section 2254 Proceedings (applicable to both § 2254 petitions and § 2241 petitions at the Court's discretion),[2] provides that if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994)(habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991)(upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994); See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970).  For the reasons stated below, the Court denies the petition without prejudice and dismisses this action.

B.   Lack of Jurisdiction

Under 28 U.S.C. § 2241, a federal court has the authority to

---

[2] See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; see also Phelps v. Reynoso, App. No. 07-1080 (1st Cir. 2007)(district court acted within its discretion by applying Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(same).

3

entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); see also Padilla, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Padilla, 542 U.S. at 443.[3]

Here, it is unclear why Demos filed his habeas petition in this Court where his claims have no connection to the Commonwealth of Massachusetts or this District Court. In any event, Demos challenges his present physical confinement in a prison located within the State of Washington. Thus, this Court is without jurisdiction over the present petition.[4]

---

[3]The reason that the proper respondent is deemed to be the individual with the day to day control over a petitioner is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).

[4]This is true notwithstanding that the instant petition could be construed as one pursuant to 28 U.S.C. § 2254 (as Demos is challenging a judgment of a state court). In any case, this

The Court, could, in its discretion, transfer Demos's petition to the Western District of Washington: "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, <u>if it is in the interest of justice</u>, transfer such action .... " 28 U.S.C. § 1631 (emphasis added).  Here, given Demos's litigation history and the fact that he recently has filed other petitions in the State of Washington, it is not in the interest of justice to transfer Demos's petition.  Accordingly, this petition will be denied and this action will be dismissed for lack of jurisdiction.

### III.  CONCLUSION

Based on the foregoing, it is hereby Ordered that this petition is <u>DENIED WITHOUT PREJUDICE</u> and this action is <u>DISMISSED</u> in its entirety.[5]

SO ORDERED.

                              <u>/s/ Patti B. Saris</u>
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE

---

Court declines to construe this action as a § 2254 habeas petition because it appears that Demos intended this matter to be a § 2241 petition and <u>not</u> a § 2254 petition, as evidenced by his handwritten notation in the caption of the template § 2254 form (AO 241).

[5] Demos failed to pay the $5.00 filing fee for this petition or to seek a waiver of the filing fee.  In light of this Memorandum and Order, this Court need not pursue the filing fee issue further.

5